JOHN TRACEY, APPELLANT, *v.* THE CITY OF POUGH-
KEEPSIE, RESPONDENT.

*Action against a city to recover damages for injuries sustained by a person falling on*
*an icy sidewalk — the city is not liable unless it has notice of the ice, either actual*
*or constructive — it is not bound to drain an adjoining lot underneath the surface*
*of the ground to prevent the water from flowing on the sidewalk.*

APPEAL from a judgment in favor of the defendant, entered upon
a nonsuit directed at the Dutchess County Circuit.

The action was brought to recover damages sustained by the
plaintiff by falling while passing over an icy place on one of the
sidewalks of the defendant city.

The court at General Term said: " We think this case fairly
falls within the principle laid down by the General Term, and after-
wards affirmed in the Court of Appeals, in the case of *Muller* v. *The*
*City of Newburgh* (32 Hun 24). It seems that the plaintiff fell on
a small piece of smooth ice covered with falling snow on the side-
walk of one of the principal streets of Poughkeepsie. There is no
proof that the sidewalk was defective. The street slopes to the
west somewhat, and the flow of water from a vacant lot is discharged
over the sidewalk at the place in question. There is no proof that
the defendant had notice that there was any obstruction or any ice
upon the sidewalk at the place where the plaintiff fell, nor was there
any evidence to go to the jury to establish the fact that the street
had been in a dangerous condition a sufficient length of time to show
that the city could have constructive notice that the walk was in a
dangerous condition. In fact the proof fails to show that the plain-
tiff slipped and fell upon any spot where ice had been previously
seen.

" We fail to see anything in the case to call the attention of the
defendant to the fact that this part of the sidewalk was in a dan-
gerous condition or to show that the best possible care was not taken
of the walk at this place. The fact that the sidewalk sloped at this
point is not material, as there is no proof to show that any waters
were gathered upon the adjacent lands except such as came from
the natural rain and snowfall. It was not incumbent upon the city
to drain this lot underneath the surface of the ground, neither could

the city be compelled to dam up this water to prevent its flowing over the sidewalk, therefore we think the plaintiff utterly failed to make out a case of negligence sufficient to warrant a submission to the jury.

" The judgment should be affirmed, with costs."

*C. Morschauser* and *W. I. Thorn*, for the appellant.

*C. B. Herrick*, for the respondent.

Opinion by PRATT, J.; BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.